# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

05-20874 CR-ALTONAGA MAGISTRATE JUDGE TURNOFF

Case No.

21 U.S.C. § 963
18 U.S.C. § 1956(h)
18 U.S.C. § 1957
21 U.S.C. § 853
18 U.S.C. § 982

**UNITED STATES OF AMERICA**

vs.

**GUY PHILIPPE,**

        **Defendant.**

_____/



FILED by _____ D.C.
MAG. SEC.

NOV 2 2 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • MIAMI

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or about 1997, and continuing until in or about March 2001, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GUY PHILIPPE,**

did knowingly and intentionally combine, conspire, confederate and agree with other persons both known and unknown to the Grand Jury, to import into the United States, from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

Pursuant to Title 21, United States Code, Section 960 (b)(1)(B), it is further alleged that this violation involved five kilograms or more of a mixture and substance containing a detectable amount of cocaine.



## COUNT 2

Beginning in or about June 1999, and continuing until in or about April 2003, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GUY PHILIPPE,

did knowingly and intentionally combine, conspire, confederate and agree with other persons both known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, that is:

A.  To knowingly conduct a financial transaction, affecting interstate and foreign commerce, which transaction involved the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such transaction, knew that the property involved in the financial transaction represented the proceeds of some form of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

B.  To knowingly conduct a financial transaction, affecting interstate and foreign commerce, which transaction involved the proceeds of some form of unlawful activity, knowing that the transaction is designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, and that while conducting such transaction, knew that the property involved in the financial transactions represented the proceeds of some form of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

C.  To knowingly engage in a monetary transaction, by, through, and to, a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value

2

greater than $10,000.00, such property having been derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the financial transaction involved the proceeds of specified unlawful activity, that is, the felonious importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, punishable under the laws of the United States.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 3

Beginning on or about November 28, 2000 and continuing until on or about December 1, 2000, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### GUY PHILIPPE,

did knowingly engage and attempt to engage in a monetary transaction, that is, the transfer and exchange of funds and a monetary instrument, that is, check number 291, in the amount of $112,000.00, drawn on First Union National Bank account number 1010020252306, held in the name of Guy and Natalie Philippe, and made payable to Omar Pareja Figuoroa, by, through, and to, a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, such property having been derived from specified unlawful activity.

It is further alleged that the monetary transaction involved the proceeds of specified unlawful activity, that is, the felonious importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, punishable under the laws of the United States.

All in violation of Title 18, United States Code, Sections 1957 and 2.

3

## ASSET FORFEITURE ALLEGATIONS

1. The allegations of Counts 1 through 3 of this Indictment are re-alleged and incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest, pursuant to the provisions of Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853, and the procedures set forth in Rule 32.2, Federal Rules of Criminal Procedure.

2. Upon conviction of any violation of Title 18,United States Code, Sections 1956 and/or 1957, defendant shall forfeit to the United States any property, real or personal, involved in such offense or any property traceable to such property pursuant to Title 18, United States Code, Section 982(a)(1).

3. Upon conviction of any violation of Title 21, United States Code, Section 963, the defendant shall forfeit to the United States any property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violation, and any property which the defendant used or intended to be used in any manner or part to commit or to facilitate the commission of such violation pursuant to Title 21, United States Code, Section 853.

4. The property subject to forfeiture includes but is not limited to:

### MONEY JUDGMENT

(A) The sum of approximately $1,500,000 in United States currency and all interests and proceeds thereto, in that such sum constitutes and is derived from proceeds which the defendant obtained directly and indirectly as a result of the commission of the criminal offenses alleged in Count 1, and in that such sum, in the aggregate, was involved in and is traceable to, the criminal offenses alleged in Counts 1 through 3.

5. Pursuant to Title 21, United States Code, Section 853(p), if property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

4

(A)     cannot be located upon due diligence;

(B)     has been transferred, or sold to, or deposited with a third party;

(C)     has been placed beyond the jurisdiction of the Court;

(D)     has been substantially diminished in value; or

(E)     has been commingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant up to the

value of the above-described forfeitable property.

All pursuant to Title 18, United States Code, Section 982 and Title 21, United States Code,

Section 853.

A TRUE BILL

_____
FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
LYNN M. KIRKPATRICK
ASSISTANT UNITED STATES ATTORNEY

_____
DAVID S. WEINSTEIN
ASSISTANT UNITED STATES ATTORNEY

_____
JOHN W. SELLERS
TRIAL ATTORNEY, DEPARTMENT OF JUSTICE

_____
THOMAS J. PINDER
TRIAL ATTORNEY, DEPARTMENT OF JUSTICE

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

GUY PHILIPPE,

                Defendant.          /

CASE NO. 05-20874-CR-ALTONAGA[1]

MAGISTRATE JUDGE
TURNOFF

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s)              Yes ____   No ____
Number of New Defendants      ____
Total number of counts        ____

**Court Division:** (Select One)

__X__ Miami     ____ Key West
____ FTL        ____ WPB ____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:   (Yes or No)          Yes
    List language and/or dialect        Creole

    FILED by _____ D.C.
    MAG. SEC.

    NOV 2 2 2005

    CLARENCE MADDOX
    CLERK U.S. DIST. CT.
    S.D. OF FLA. · MIAMI

4.  This case will take   10   days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

| (Check only one) | | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | ____ | Petty | ____ |
| II | 6 to 10 days | __X__ | Minor | ____ |
| III | 11 to 20 days | ____ | Misdem. | ____ |
| IV | 21 to 60 days | ____ | Felony | __X__ |
| V | 61 days and over | ____ | | |

6.  Has this case been previously filed in this District Court?  (Yes or No)    No
    If yes:
    Judge: _____    Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?    (Yes or No)  No
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers:   04-20343-Cr-Cooke, 05-20268-Cr-Lenard, 05-20288-Cr-Martinez 05-20287-Cr-Ungaro-Benages, 03-60283-Cr-Marra, 98-0861-Cr-Graham, 04-20573-Cr-Cooke, 03-Cr-20835-Cr-Cooke, 01-914-Cr-Middlebrooks, 03-20837-Cr-Altonaga, 99-00906-Cr-Moore, 97-6007-Cr-Moreno, 04-3309-Garber, 05-20355-Cr-Moore(s)
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____ District of _____
    Is this a potential death penalty case? (Yes or No)   No

7.  Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?  X  Yes  ___ No

8.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?  X  Yes  ___ No
    If yes, was it pending in the Central Region?  ___ Yes  X  No

9.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to  October 14, 2003?  ___ Yes  X  No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003 ?    X  Yes  ___ No

_____
LYNN M. KIRKPATRICK
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5500737

Penalty Sheet(s) attached                                    REV.1/14/04

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  GUY PHILIPPE

**Case No:**  05 - 20874  CR-ALTONAGA

MAGISTRATE JUDGE
TURNOFF

Count #: 1

Conspiracy to import cocaine into the United States

Title 21, United States Code, Section 963

**\* Max.Penalty:**   Life imprisonment

Count #: 2

FILED by _____ D.C.
MAG. SEC.

NOV 2 2 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • MIAMI

Conspiracy to launder monetary instruments

Title 18, United States Code, Section 1956(h)

**\*Max. Penalty:**   20 years' imprisonment

Count #: 3

Engaging in monetary transactions in property derived from specified unlawful activity

Title 18, United States Code, Section 1957

**\*Max. Penalty:**   10 years' imprisonment

Count #:

_____

_____

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**