```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                           MIAMI DIVISION
                     CASE NO. 05-cr-20874-CMA


  UNITED STATES OF AMERICA,        Miami, Florida

          Plaintiff,               April 24, 2017

     vs.                           2:26 p.m. to 2:45 p.m.

  GUY PHILIPPE,                    Courtroom 12-2

          Defendant.               (Pages 1 to 17)
 _____

                          CHANGE OF PLEA
            BEFORE THE HONORABLE CECILIA M. ALTONAGA,
                   UNITED STATES DISTRICT JUDGE

 APPEARANCES:

 FOR THE GOVERNMENT:      LYNN M. KIRKPATRICK, ESQ.
                          ANDY R. CAMACHO, ESQ.
                          MARK A. IRISH, ESQ.
                          Assistant United States Attorney
                          99 Northeast 4th Street
                          Miami, FL 33132
                          (305) 961-9001
                          Lynn.kirkpatrick@usdoj.gov
                          Andy.camacho@usdoj.gov
                          Mark.irish@usdoj.gov

 FOR THE DEFENDANT:       ZELJKA BOZANIC, ESQ.
                          Bozanic Law, P.A.
                          2847 Hollywood Boulevard
                          Hollywood, FL 33020-4226
                          (954) 920-9750
                          Info@bozaniclaw.com

                          ALAN S. ROSS, ESQ.
                          Alan Ross, Attorney at Law
                          2250 Southwest 3rd Avenue, 4th Floor
                          Miami, FL 33129-2045
                          (305) 858-9550
                          criminalawyer@aol.com
```

```
 1   APPEARANCES CONTINUED:

 2    Also Present:           Yolanda Zdaucewicz, Creole Interpreter

 3

 4
      REPORTED BY:            STEPHANIE A. McCARN, RPR
 5                            Official Court Reporter
                              400 North Miami Avenue
 6                            Twelfth Floor
                              Miami, Florida 33128
 7                            (305) 523-5518
                              Stephanie_McCarn@flsd.uscourts.gov
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**I N D E X**

**WITNESSES**

| **WITNESSES FOR THE GOVERNMENT:** | | | **Page** |
| --- | --- | --- | --- |
| | | | -- |

| **WITNESSES FOR THE DEFENDANT:** | | | **Page** |
| --- | --- | --- | --- |
| | | | -- |

| **EXHIBITS IN EVIDENCE** | **PRE** | **MARKED** | **ADMITTED** |
| --- | --- | --- | --- |
| Government's Exhibit No. | -- | -- | -- |
| Defendant's Exhibit No. | -- | -- | -- |

**MISCELLANEOUS**

|  | **Page** |
| --- | --- |
| Proceedings........................................ | 4 |
| Court Reporter's Certificate...................... | 17 |

```
 1        (The following proceedings were held at 2:26 p.m.)
 2            THE COURT:  Good afternoon, please be seated.
 3            United States and Guy Philippe.
 4            Counsel, please state your appearances.
 5            MS. KIRKPATRICK:  Good afternoon, Your Honor.  Lynn
 6   Kirkpatrick, Andy Camacho and Mark Irish for the United States.
 7   Along with me, I also have Special Agent David Keys and Alex
 8   Perdon.
 9            THE COURT:  Good afternoon.
10            MS. BOZANIC:  Good afternoon, Your Honor.  Zeljka
11   Bozanic and Alan Ross on behalf of Mr. Guy Philippe, who is
12   present.
13            THE COURT:  Mr. Philippe, if you would please raise
14   your right hand.
15       (The Defendant was sworn.)
16            THE DEFENDANT:  Yes, Your Honor.
17            THE COURT:  I see we have the Creole interpreter with
18   us.  Do we have need of her services?
19            MS. BOZANIC:  Judge, Mr. Philippe speaks and
20   understands English, and he prefers to do the plea in English.
21   If there is ever a difficult word, we would like to have an
22   interpreter on standby.
23            THE COURT: All right.  Very well.  Thank you.
24            Mr. Philippe, I am going to be asking you some
25   questions this afternoon in order to accept your change in plea
```

```
 1  from a plea of not guilty to a plea of guilty to Count 2 of
 2  the -- of the indictment.  If at any time you do not understand
 3  any of my questions, please let me know, and I will try to
 4  clarify the question for you.  Also, if at any time you would
 5  like to speak with your attorneys and consult with them off the
 6  record, let me know that and we will pause to give you an
 7  opportunity to do so.
 8          And last, please note that you are under oath.  All of
 9  your answers to my questions must be truthful.  If they are
10  not, you may be subjecting yourself to charges of perjury.  And
11  do you understand these instructions?
12          THE DEFENDANT:  Yes, Your Honor.
13          THE COURT:  Please state your full name.
14          THE DEFENDANT:  Guy Philippe.
15          THE COURT:  How old are you?
16          THE DEFENDANT:  49.
17          THE COURT:  How far did you go in school?
18          THE DEFENDANT:  College.
19          THE COURT:  And what country are you a citizen of?
20          THE DEFENDANT:  Haiti.
21          THE COURT:  Mr. Philippe, have you ever been treated
22  for a mental illness or for an addiction to narcotic drugs?
23          THE DEFENDANT:  No, Your Honor.
24          THE COURT:  Have you taken any drugs or alcohol in the
25  last 48 hours?
```

```
 1              THE DEFENDANT:  No, Your Honor.
 2              THE COURT:  Do you believe that you have any physical
 3   or mental condition that prevents you from understanding what's
 4   happening here in court this afternoon?
 5              THE DEFENDANT:  No, Your Honor.
 6              THE COURT:  And to Defense Counsel, in your opinion,
 7   is your client competent to enter a guilty plea?
 8              MS. BOZANIC:  Yes, Your Honor.
 9              THE COURT:  Mr. Philippe, prior to today, did you
10   receive a copy of the indictment containing the charges against
11   you?
12              THE DEFENDANT:  Yes, Your Honor.
13              THE COURT:  Have you fully discussed that indictment
14   and your case in general with your attorneys?
15              THE DEFENDANT:  Yes, Your Honor.
16              THE COURT:  Are you fully satisfied with the counsel,
17   the representation and the advice that you have received from
18   your attorneys?
19              THE DEFENDANT:  Yes, Your Honor.
20              THE COURT:  Today you plead guilty to Count 2.  And
21   that count charges you with conspiracy to launder monetary
22   instruments in violation of 18 United States Code,
23   Section 1956(h).
24              Do you understand the charge?
25              THE DEFENDANT:  Yes, Your Honor.
```

1      THE COURT:  And I would ask the Government to please
2 set forth the elements of that offense.
3      MS. KIRKPATRICK:  Yes, Your Honor.  In order to be
4 found guilty of the crime of conspiracy to launder monetary
5 instruments in violation of Title 18 United States Code,
6 Section 1956(h), the Defendant must be found guilty of all of
7 the following facts beyond a reasonable doubt.  One, that two
8 or more people agreed to try to accomplish a common and
9 unlawful plan to violate Sections 1956 and 1957, as set forth
10 in the indictment.  And that the Defendant knew about the
11 plan's unlawful purpose and willfully joined in it.
12      THE COURT:  Thank you.
13      And, Ms. Bozanic, do you agree that that's an accurate
14 statement of the elements?
15      MS. BOZANIC:  Yes, Your Honor.
16      THE COURT:  And would you please state the steps that
17 you and Mr. Ross have taken to familiarize Mr. Philippe with
18 the charges against him, the Government's evidence, his
19 defenses, his right to proceed to trial and the consequences of
20 a guilty plea.
21      MS. BOZANIC:  Judge, we have reviewed the indictment
22 with our client, have gone over all the discovery that was
23 provided in this case.  We have extensively discussed possible
24 defenses to this case, and we went over, basically, any
25 evidence that might have been presented by the Government

```
 1   against our client and also the witnesses that would testify on
 2   behalf of our client in trial if we were to go to trial.
 3           THE COURT:  Thank you.
 4           And, Mr. Philippe, is that your understanding as well?
 5           THE DEFENDANT:  Yes, Your Honor.
 6           THE COURT:  All right.  Mr. Philippe, do you have in
 7   front of you a copy of your written plea agreement?
 8           THE DEFENDANT:  Yes, Your Honor.
 9           THE COURT:  I have what appears to be the original
10   that shows me your signature on Page 7 with today's date.  Did
11   you have the opportunity of reading this and discussing it
12   fully with your attorneys before you signed it?
13           THE DEFENDANT:  Yes, Your Honor.
14           THE COURT:  I will be going over some parts of the
15   agreement.  I won't read it in full, but I do want to assure
16   myself that you fully understand it and that your plea is
17   voluntary.  And I am going to begin by addressing Paragraph 3
18   of your agreement, and that paragraph is concerned with
19   sentencing.
20           Let me describe to you the sentencing process in my
21   own words.  After I accept your plea of guilty here this
22   afternoon, I will be asking the court's probation office to
23   prepare what is known as a Presentence Investigation Report.
24           The office will assign one of its officers to
25   investigate you and this case.  That officer will meet with you
```

1  and interview you in the presence of your attorneys and gather
2  information about you from the Government and from other
3  sources.  That officer will prepare a draft Presentence
4  Investigation Report that will be circulated to all of the
5  parties weeks before sentencing.
6         Included within that report will be a section that
7  addresses the Federal Sentencing Guidelines.  You will see by
8  applying the advisory guidelines to your offense conduct that a
9  range of sentencing will be produced from a low to a high end
10 that the guidelines suggest as a reasonable sentence.
11        The attorneys have the ability to file written
12 objections to that report, including objections to the advisory
13 guideline calculation.  If any objections are filed, the
14 probation officer responds in a written addendum.  You receive
15 all of that prior to your sentencing hearing, and I review all
16 of that before your sentencing hearing.
17        At your sentencing hearing, I orally announce what I
18 believe is your advisory sentencing guideline range.  And what
19 I announce here in open court as your guideline range may be
20 different from what you see in the report, and it may be
21 different from what you and your attorneys discuss as a likely
22 guideline range.
23        After I do that, I go on to consider and apply a
24 number of statutory factors before imposing sentence.  So at
25 the end of this process, the sentence I impose may end up being

```
 1   higher than or lower than the advisory guideline range.  I have
 2   the authority to sentence you up to the statutory maximum, and
 3   you may not withdraw your plea as a result of a sentence
 4   imposed.  Do you understand?
 5            THE DEFENDANT:  I understand, Your Honor.
 6            THE COURT:  Now, Paragraph 4 informs you that your
 7   maximum possible sentence is 20 years' imprisonment followed by
 8   supervised release of up to three years, as well as a fine of
 9   up to $500,000 or twice the value of the property involved in
10   the transactions, whichever is greater, as well as forfeiture
11   and restitution.  Do you understand what your maximum possible
12   sentence may be?
13            THE DEFENDANT:  Yes, Your Honor.
14            THE COURT:  Paragraph 7 of your agreement indicates
15   that the Government will be recommending at sentencing that I
16   reduce by three levels the sentencing guideline level
17   applicable to your offense because of your recognition and
18   timely acceptance of personal responsibility.  The Government
19   also agrees to recommend that I sentence you at the low end of
20   whatever your applicable guideline range may be.  And you see
21   that there are three conditions contained in Paragraph 7 that
22   you must satisfy in order in order for the Government to make
23   these recommendations.
24            Do you understand and agree?
25            THE DEFENDANT:  Yes, Your Honor.
```

```
 1            THE COURT:  In Paragraph 8, you and the Government
 2   will be jointly recommending that I make the following
 3   findings.  First, that the relevant amount of actual, probable
 4   or intended loss resulting from your offense is more than
 5   $1.5 million, but less than $3.5 million.  Next, that you
 6   should receive a two-level increase for abuse of a position of
 7   trust and that the applicable adjusted offense level under all
 8   of those circumstances is a Level 34, with acceptance of
 9   responsibility bringing you down to a Level 31.
10            The Government and you agree to recommend that I
11   should impose a sentence of 108 months' imprisonment, and you
12   understand that I am under no obligation to impose that
13   sentence.
14            Do you understand and agree?
15            THE DEFENDANT:  Yes, Your Honor.
16            THE COURT:  In Paragraph 10, you are agreeing to
17   forfeit to the United States any property involved in the
18   offense, and the property includes but is not limited to a
19   money judgment in the amount of $1.5 million in U.S. currency,
20   which the parties agree represents the value of the property
21   involved in the offense.  Do you understand and agree?
22            THE DEFENDANT:  Yes, Your Honor.
23            THE COURT:  In Paragraph 13, you are informed that you
24   have the right to appeal your sentence, but in exchange for the
25   agreement that you have negotiated with the Government, you are
```

1  giving up your right to appeal your sentence unless it exceeds
2  the statutory maximum or is the result of an upward departure
3  or variance from the advisory guideline range I establish at
4  sentencing.  Nothing in the agreement affects the Government's
5  right to appeal.  If the Government does file a notice of
6  appeal, then you are released from your waiver of appellate
7  rights.
8           You have discussed this appellate waiver provision
9  with your attorneys, and you are waiving your right to appeal
10 your sentence knowingly and voluntarily.
11          Is all of this true and correct?
12          THE DEFENDANT:  Yes, Your Honor.
13          THE COURT:  Mr. Philippe, is anyone putting pressure
14 upon you, forcing you or coercing you to plead guilty and agree
15 to these terms?
16          THE DEFENDANT:  No, Your Honor.
17          THE COURT:  Has anyone made to you any promises or
18 assurances in exchange for your plea of guilty that are not
19 contained in this written plea agreement?
20          THE DEFENDANT:  No, Your Honor.
21          THE COURT:  Are you pleading guilty of your own free
22 will to the charge contained in Count 2 of the indictment
23 because, in fact, you are guilty as charged?
24          THE DEFENDANT:  Yes, Your Honor.
25          THE COURT:  Mr. Philippe, you understand that the

offense to which you plead guilty is a felony offense. When I accept your plea of guilty, I will adjudicate you guilty, and as a result you will suffer the loss of valuable civil liberties. These include the right to vote, the right to hold office, the right to serve on a jury, the right to possess firearms, and in your case, of course, will result in your deportation to Haiti.

THE DEFENDANT: Yes, Your Honor.

THE COURT: I am going to go over with you at this time the constitutional rights that you give up by pleading guilty. You understand that if this case had proceeded to a trial, you would have had the right to be represented by an attorney. The Government would be required to bring witnesses to court who would testify in your presence. You would have the right to confront those witnesses and have your attorney cross-examine them. You would have the right to bring witnesses of your own to testify in your defense. And if those witnesses did not wish to come to court, you could use the Court's compulsory process to get them here.

You would have the right to testify and have your testimony be considered like that of any other witness in the case, or you could elect to remain silent. And if you did so, that could not be used against you in any way.

You would be entitled to the presumption of innocence. The Government would have to prove the charges against you

1  beyond and to the exclusion of every reasonable doubt, and that
2  is the highest burden of proof we have in our system of laws.
3        Your case would be tried to a jury consisting of 12
4  members, whom you and the Government would select.  And if you
5  lost at trial, you would have the right to take an appeal.
6        Do you understand by pleading guilty, you give up all
7  of these rights we associate with trial as well as with appeal?
8        THE DEFENDANT:  Yes, Your Honor.
9        THE COURT:  Mr. Philippe, do you have another document
10 in front of you, this one entitled "Factual Proffer."
11       THE DEFENDANT:  Yes, Your Honor.
12       THE COURT:  Did you have the opportunity of reading
13 this and discussing it fully with your attorneys before you
14 signed it earlier today?
15       THE DEFENDANT:  Yes, Your Honor.
16       THE COURT:  So you agree if this case had gone to
17 trial, the Government would be able to prove beyond a
18 reasonable doubt that beginning in the late 1990s, cocaine was
19 brought into Haiti from Colombia and other locations in South
20 America by drug traffickers.  After the drugs were unloaded in
21 Haiti, they were then smuggled into Miami, Florida, and other
22 locations in the United States by vessels and commercial
23 airlines.
24       You knowingly used your position as a high-ranking
25 Haitian national police officer to provide protection for these

shipments of drugs and drug proceeds into Haiti in exchange for cash payments.

Specifically, beginning in June of 1999 and continuing until April of 2003, you and others were paid in Haiti from the proceeds of the cocaine sales that occurred in Miami, Florida, and elsewhere in the United States.  Those bulk cash proceeds would be smuggled from the United States to Haiti, and you would be paid a portion of the proceeds.

You and your wife maintained a joint banking account at First Union National Bank in Miami, Florida.  Between June 1999 and December 2002, you knowingly wired over 376,000 U.S. dollars derived from the sale of cocaine from Haiti and Ecuador to this First Union National Bank account under the names of other people.  You knowingly arranged for over 70,000 U.S. dollars of drug proceeds to be deposited into the account.  Each of the cash deposits was made in amounts less than $10,000 to avoid reporting requirements.

From approximately June 1999 to approximately April 2003, you received more than $1.5 million and less than $3.5 million in bribe payments from drug traffickers, knowing that the payments constituted proceeds of cocaine trafficking.  You shared the drug proceeds you collected with Haitian national police officials and other security personal to ensure their continued support for future drug shipments arriving into Haiti to purchase a residence in Broward County, Florida, and to

```
 1  support yourself and your family in the United States.
 2          Mr. Philippe, are all of these facts true and correct?
 3          THE DEFENDANT:  Correct, Your Honor.
 4          THE COURT:  Ms. Bozanic, are you satisfied your client
 5  understands his rights, what he is giving up today and that
 6  there has been a sufficient factual basis for his plea of
 7  guilty to Count 2?
 8          MS. BOZANIC:  Yes, Your Honor, I do.
 9          THE COURT:  Mr. Philippe, how do you plead now to the
10  charge contained in Count 2 in the indictment, guilty or not
11  guilty?
12          THE DEFENDANT:  Guilty, Your Honor.
13          THE COURT:  It is the finding of the Court that the
14  Defendant, Guy Philippe, is fully competent and capable of
15  entering an informed plea; that he is aware of the nature of
16  the charges and the consequences of his plea based upon his
17  conversations with his attorneys and the colloquy before the
18  Court; that the plea of guilty is a knowing and voluntary plea
19  supported by an independent basis in fact containing each of
20  the essential elements of the offense and that the agreement
21  presented to the Court was voluntarily entered into and not the
22  result of force, threats or coercion.  I also find the
23  Defendant has entered his plea with the advice and the
24  assistance of effective and competent counsel.
25          Your plea is therefore accepted.  You are now adjudged
```

Case 1:05-cr-20874-CMA   Document 76   Entered on FLSD Docket 05/17/2018   Page 17 of 17

17

```
 1   guilty.  I will have you back in court for sentencing on
 2   Wednesday, July 5th at 8:30 a.m.
 3            Is there anything additional?
 4            MS. KIRKPATRICK:  Nothing further from the Government,
 5   Your Honor.  Thank you very much.
 6            MS. BOZANIC:  No, Your Honor.  Thank you.
 7            THE COURT:  Thank you.  And you all have a good day.
 8            MR. CAMACHO:  You too, Your Honor.  Thank you.
 9       (The proceedings adjourned at 2:45 p.m.)
10
11
                      C E R T I F I C A T E
12

13      I hereby certify that the foregoing is an
14   accurate transcription of the proceedings in the
15   above-entitled matter.
16
17
     _05/16/18__          [signature]
18       DATE              STEPHANIE A. McCARN, RPR
                           Official United States Court Reporter
19                         400 North Miami Avenue, Twelfth Floor
                           Miami, Florida 33128
20                         (305) 523-5518
21
22
23
24
25
```